JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOHN N. GLANG (GUAMBN 94012)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408)-535-5084
   Fax: (408)-535-5066
   E-Mail: John.Glang@usdoj.gov

Attorneys for Plaintiff

*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LAMONT SCARBROUGH,<br><br>    Defendant. | No. CR 99-20135-JW<br><br>STIPULATION AND [PROPOSED]<br>ORDER FOR SENTENCING<br>MODIFICATION UNDER<br>18 U.S.C. § 3582(c)(2) |

    IT IS HEREBY STIPULATED AND AGREED, by and between the parties acting through their respective counsel, that:

    1. The Court makes its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

    2. Defendant's original guideline calculation was as follows:

    Total Offense Level 31

    Criminal History Category IV

    Sentencing range of 151 to 188 months of imprisonment

STIPULATION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(c)(2)
CR 99-20135-JW

3. Defendant was sentenced on May 24, 2001 to 135 months of imprisonment. This sentence represented an 11% reduction from the low end of the applicable guideline range. Using the same 11% reduction with the low end of the new applicable guideline range yields a sentence of 108 months of imprisonment, which is recommended in the Reduction of Sentence Report filed by the United States Probation Office.

4. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual.*

5. Defendant's revised guideline calculation is as follows:

   Total Offense Level 29

   Criminal History Category IV

   Sentencing range of 121-151 months of imprisonment

6. According to the modified pre-sentence report, defendant's conduct while imprisoned reveals that he has maintained clear conduct and has had no incident or disciplinary reports. He has received outstanding work evaluations and has completed various classes.

7. Based upon the foregoing, the parties hereby stipulate that a sentence of 108 months is appropriate in this matter.[1]

8. Defendant's current projected release date is July 14, 2011.

9. The parties further stipulate that all other aspects of the original judgment order including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment remain as previously imposed.

10. Defendant stipulates that he waives and does not request a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

11. Defendant waives his right to appeal the district court's sentence.

---

[1] The underlying offense of conviction was 21 U.S.C. § 844(a), possession of cocaine base, which carried a mandatory minimum sentence of only 5 years of imprisonment.

12. Accordingly, the parties agree and stipulate that an amended judgment may be entered by the Court in accordance with this stipulation pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

IT IS SO STIPULATED:

DATED:  May 27, 2008            Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

            /S/
_____
JOHN N. GLANG
Assistant United States Attorney

DATED:  May 27, 2008            _____/S/_____
MICHELLE D. SPENCER
Attorney for defendant Lamont Scarbrough

**ORDER**

Based upon the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED that:

1. The Court is making its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2);

2. Defendant is eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*;

3. Defendant has waived his right to a hearing in this matter pursuant to Fed. R. Crim. P. 43, 18 U.S.C. § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007);

4. Defendant has waived his right to appeal the district court's sentence;

5. Defendant's revised guideline calculation under U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual* is:

    Total Offense Level 29

    Criminal History Category IV

    Sentencing range of 121 to 151 months of imprisonment

6. The appropriate sentence in this matter is 108 months of imprisonment. All other aspects of the original judgment order, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment remain as previously imposed.

7. An amended judgment shall be entered by the Court in accordance with the parties' stipulation pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

DATED: May 29, 2008

JAMES WARE
United States District Court Judge